IRENE HAWES v. ATLANTIC REFINING COMPANY AND THOMAS Q. GORDON (AND H. L. HAWES, ADDITIONAL PARTY-DEFENDANT).

(Filed 6 January, 1953.)

APPEAL by defendants Atlantic Refining Company and Thomas Q. Gordon from *Morris, J.,* at May-June Term, 1952, of NEW HANOVER.

Civil action against defendants Atlantic Refining Company and Thomas Q. Gordon, to recover for injuries to person, to which action, on motion of these defendants, H. L. Hawes, as an alleged joint tortfeasor, was made an additional defendant.

This action arose out of the same collision of automobiles as that involved in the case of H. L. Hawes, husband of present plaintiff, against Atlantic Refining Company and Thomas Q. Gordon,—and is based upon similar allegations of actionable negligence as are alleged in the complaint in that action.

Defendants, answering here, deny in material aspect the allegations of the complaint.

And for further defenses, and as a bar to any recovery by plaintiff against them, defendants aver, briefly stated, that the collision in question and any consequent injury to plaintiff were caused solely and proximately by the negligent, careless and reckless manner in which the automobile in which plaintiff was riding was being operated by her husband H. L. Hawes, as specifically alleged; and that if the negligent, unlawful and reckless conduct on the part of said H. L. Hawes were not the sole and

exclusive proximate cause of the collision and consequent injury to plaintiff, it was at least a contributing cause, and, hence, if they, the original defendants, were negligent, H. L. Hawes is a joint tort-feasor along with them. Therefore they aver that H. L. Hawes should be joined as a party defendant, etc.

Accordingly, H. L. Hawes was made a party defendant, and served with process as directed. Thereupon he filed reply to the further defense and further answer of defendants, and denied the material averments thereof; and he filed answer, admitting all allegations of plaintiff's complaint.

The action, having been consolidated with that of H. L. Hawes, for purpose of trial, and being so tried, the statement of evidence offered, and of procedure followed in course of trial, set out in the opinion in the H. L. Hawes case, *ante,* is here referred to, and, in so far as pertinent, is made a part of such statement on this appeal.

The case was submitted to the jury upon these issues which the jury answered as shown:

"1. Was the plaintiff, Irene Hawes, injured by the negligence of the defendants, Atlantic Refining Company and Thomas Q. Gordon? Answer: Yes.

"2. If so, what amount of damages, if any, is the plaintiff, Irene Hawes, entitled to recover of the defendants, Atlantic Refining Company and Thomas Q. Gordon? Answer: $5,000.00.

"3. Was the defendant H. L. Hawes jointly and concurrently negligent with the defendants Atlantic Refining Company and Thomas Q. Gordon in causing the injury to the plaintiff, Irene Hawes? Answer: No."

From judgment signed in accordance therewith, defendants Atlantic Refining Company and Thomas Q. Gordon appeal to Supreme Court and assign error.

*Poisson, Campbell & Marshall and Elbert A. Brown for plaintiff, appellee.*

*James & James for defendants Refining Company and Gordon, appellants.*

WINBORNE, J. The questions brought up for decision on this appeal are similar to those presented and decided in the case of H. L. Hawes v. Atlantic Refining Company and Thomas Q. Gordon, *ante.* The decision there is controlling here. Hence, in the judgment from which this appeal is taken, we find

No error.

PARKER, J., took no part in the consideration or decision of this case.